(108 So. 312)

No. 27787.

## STATE v. PILCHER.

(March 29, 1926.   Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** &⟹223(1).

Before conviction of possessing whisky for sale for beverage purposes can be had, state must prove intent to sell.

2. **Intoxicating liquors** &⟹224, 236(1).

Intent to sell liquor may be proved by circumstantial as well as positive evidence, and may be presumed from facts and circumstances surrounding possession.

3. **Intoxicating liquors** &⟹239(4) — **Refusing charge that it was necessary to show intention of selling to convict for having whisky in possession for sale for beverage purposes held proper, where evidence showed possession with intent and purpose of sale (Act No. 93 of 1916).**

Under Act No. 93 of 1916, giving accused right to submit special charges on law of case, and giving trial court right to determine legality as well as applicability of proposed charges, refusal of charge in liquor prosecution that it was necessary to show sale, or intention of selling, to convict of having whisky in possession for sale for beverage purposes *held* justified, where evidence showed that possession was with intent and purpose of sale; charge being but abstract proposition of law, inapplicable to proven facts.

4. **Criminal law** &⟹1173(2)—**Trial court's error in refusing charge that sale, or intention of selling must be shown to convict of having whisky in possession for sale for beverage purposes held harmless, where it had found facts established intent to sell.**

Since trial court is judge of both law and facts, error in refusing to charge that it was necessary to show sale, or intention of selling, to convict of having whisky in possession for sale for beverage purposes *held* harmless, where court had found that facts established intent to sell.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

C. W. Pilcher was convicted of having whisky in his possession for sale for beverage purposes, and he appeals. Affirmed.

J. W. Elder, of Farmerville, for appellant.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J.   The defendant is appellant from a conviction and sentence for having whisky in his possession for sale for beverage purposes.

Aside from the overruling of a formal motion for a new trial based on the ground that the conviction was contrary to the law and evidence, which we have repeatedly declined to notice, the record presents only one bill of exception.

The counsel, after the evidence was concluded, asked the court to charge itself that—

"To convict of this charge it is necessary to show a sale or an intention of selling."

The court declined to give the charge, for the reason "that such is not the law, as the court understands it."

In further explanation and elaboration of the refusal of the charge, the court stated that seven or eight gallons of whisky were found on defendant's premises, together with a pint measure for measuring it out to those who purchased from him; that a deputy

sheriff stationed near by saw a number of automobiles visit the place, sometimes as many as three at a time; that they remained long enough to get liquor, and then leave; that the defendant told the sheriff at the time of the arrest that, had he not made the raid on the day that he did make it, and had waited a day or two longer, he would not have found any whisky when he came.

The statute under which the defendant was charged makes unlawful the possession of intoxicating liquors for beverage purposes as well as the possession for sale for beverage purposes, and provides a different penalty for each offense.

[1] And, while the lesser is included in the greater charge, and on the greater charge the accused may be found guilty of the lesser one, still, before a person can be convicted of possessing for sale for beverage purposes, it is necessary for the state to prove the particular intent. The intent to sell is an essential element of such a charge.

[2] Of course, such intent may be proved by circumstantial as well as positive evidence, and may be presumed from facts and circumstances surrounding the possession.

The explanation made by the judge in the bill, we think, shows that, while he declined to give the charge, he nevertheless did consider it in connection with his finding of fact that the possession was for the purpose of sale.

Act 93 of 1916 gives an accused party the right to submit special charges on the law of the case to the judge trying a misdemeanor in the same manner as in trials before a jury.

The main purpose of this statute was to enable an accused party to have the propositions of law reviewed by the appellate court in case of an adverse ruling by the trial judge. That purpose has been secured in this case.

The statute gives the trial court the right to determine the legality as well as the applicability of the proposed charges in considering the evidence before him, and that is what was done in this case.

[3] Having found from the evidence that the possession was with the intent and purpose of sale, the court was justified in refusing the charge. The charge was but an abstract proposition of law inapplicable to the proven facts of the case.

The counsel concedes that the court could have said that the law was correct, but that there was evidence of the intention to sell, and his client would have then been helpless.

[4] To which we may add that, the court being the judge of both the law and facts, and having found that the facts established the intent to sell, the error on the proposition of law was harmless, and affords no cause for reversing the conviction.

The conviction and sentence are affirmed.

O'NIELL, C. J. (concurring). I concur in the decree, affirming the conviction and sentence in this case, because the penalty authorized by section 3 of Act 39 of 1921 (Ex. Sess.) is the same for the offense of possessing intoxicating liquor for sale as for the offense of possessing intoxicating liquor for beverage purposes, except that, for the offense of possessing intoxicating liquor for sale, the penalty is both fine and imprisonment within the prescribed limits, whereas, for the offense of possessing intoxicating liquor for beverage purposes, the penalty is either fine or imprisonment, or both fine and imprisonment, within the same prescribed limits, in the discretion of the court. The statute makes only that distinction between possessing intoxicating liquor for sale and possessing it for beverage purposes, and does not mention possessing intoxicating liquor for sale for beverage purposes. That was the charge against the defendant in this case, which covered the offense of possessing for sale as well as the offense of possess-

ing for beverage purposes, and the sentence which the court imposed was the maximum for either offense. So it matters not whether the court found the defendant guilty of possessing the liquor for sale or for beverage purposes.