OVERTON, J.
 

 Defendants were charged. by bill of information with having willfully possessed intoxicating liquor for beverage jmrposes. Defendants filed a motion for a bill of particulars, in which they asked for
 
 *243
 
 the following information, to wit: (1) The kind and character of the intoxicating liquor claimed to have been possessed; (2) when and at what time the liquor was possessed; and (3) where the intoxicating liquor was possessed, and particularly, if it were beer or wine, whether it was possessed at the home of either of the defendants. The state, in answer to the motion, stated that the date
 
 on
 
 which the liquor was possessed is the date named in the information; that the kind of liquor possessed was “choc beer,” a liquor, fit for a beverage, containing more than one-half of one per cent, of alcohol by volume; and that the place where the liquor was possessed was at the home of defendants.
 

 After the foregoing particulars were filed, defendants moved to quash the bill of information, on the ground that it charged no offense known to the laws of this state. The theory on which this motion is based is that there is nothing in the law that denounces as an offense the possessing or the brewing in one’s home of beer for the use of himseli and family or of his bona fide guest. The motion to quash was overruled. Defendants were tried and found guilty, and from the sentence imposed prosecute this appeal. The only bill of exceptions relied on by defendants, in their brief, is the one taken to the overruling of the motion to quash.
 

 The prosecution was had under Act 39 of 1921, as amended, which is the act governing the matter. The act, in so far as it is pertinent to the issue, reads as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana that no person shall manufacture, sell, or in any manner dispose of, transport, deliver or possess intoxicating liquors within this state, export the same from or import the same into this state for beverage purposes. * * *
 

 “Sec. 3. That any person who shall violate the provisions of this act by manufacturing, or having in possession, for sale, or, by selling intoxicating liquors shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00), and be imprisoned not less than ten days nor more than sixty days, and for the second or subsequent offense, shall be fined not less than one hundred dollars ($100.00), nor more than one thousand dollars ($1,000.00); and be imprisoned not less than thirty days nor more than twelve months; and any person who shall otherwise violate the provisions of this act shall, upon conviction, be fined as hereinabove provided, or, may be imprisoned not exceeding the maximum limits herein above provided, or, may be both fined and imprisoned, at the discretion of the court.
 

 “Sec. 4. That nothing in this act shall be construed to forbid the possession of intoxicating liquors in one’s private dwelling or abo'de while the same is occupied by him as such a dwelling, provided such intoxicating liquors were legally acquired and are only for personal consumption by the owner thereof and his family residing in such dwelling and his bona fide guest when entertained by him therein.
 

 “Nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for the use of himself and his family in his home and his bona fide guest entertained in such home.”
 

 From what we have said in the foregoing part of this opinion, it appears that the bill of information, when taken in connection with the bill of particulars, shows that the defendants possessed in the parish of Lincoln on March 7, 1926, at their home, intoxicating liquor, consisting of “choc beer,” containing more than one-half of one per cent, of alcohol by volume, for beverage purposes, “choc beer” being a liquor fit for such purposes, contrary to the form of the statutes of the state of Louisiana in such cases made and provided.
 

 The statute, under which the charge was preferred, clearly denounces in its enacting clause, or clause defining the offense, the act of possessing intoxicating liquor in this state for beverage, purposes, whether the intoxicating liquor be beer or some other liquor or whether it be possessed at one’s home or elsewhere. True the statute in a subsequent section. excepts from its denunciation the brewing of beer and fermenting of wine by a citizen, who is a householder, for the use of himself and his family in his home and
 
 *245
 
 for his bona fide guest entertained by him therein, and also the possessing of intoxicating liquor of any description, legally acquired by one, and possessed by him in his private dwelling or abode, and which is only for his personal consumption and that of his family residing in such dwelling and of his bona fide guest entertained therein, and the bill of information, taken in connection with the particulars furnished, does not show that defendants did not manufacture the beer, or did not legally acquire it, and did not possess it for the purposes mentioned in the exceptions to the prohibition or denunciation of the statute. If it be necessary that the bill of information should negative these exceptions, then, since the bill does not, it fails to allege an offense known to the laws of this state. On the other hand, if it be not necessary to negative them, the bill does allege an offense. In our view it was unnecessary for the bill to negative them. They do not appear in the enacting clause, or clause defining the offense. The rule is that an exception appearing in the enacting clause must be pleaded, but it is not necessary to negative an exception appearing in a later clause or section of the statute. The identical question here under consideration was before us in State v. Coco, 152 La. 241, 92 So. 883. In that case the accused was charged by affidavit with the same offense, denounced by the same statute, with which the accused are charged in this case. The question arose in the cited case over an objection to the admissibility of certain evidence. It was contended that the evidence was not admissible, because the affidavit on which the accused was tried did not negative the exceptions provided in the statute; that is, the exceptions above mentioned. This court held that the evidence was admissible, and, for reason why the evidence was admissible, said:
 

 “When a statute contains provisions and exceptions in distinct clauses, it is not necessary to state in the accusation that the defendant does not come within the exception, or to negative the proviso it contains.”
 

 See, also, State v. Cain, 106 La. 708, 31 So. 300; State v. Barrow, 31 La. Ann. 691; State v. Lyons, 3 La. Ann. 154.
 

 As to whether defendants came within one of the exceptions was purely a matter of defense. This defense it was their duty to establish, and not the duty of the state to negative by allegation and proof. Our conclusion is that the motion to quash was properly overruled.
 

 The record contains another bill of exception, but it is not urged in the brief, and, moreover, presents nothing that this court may review. It relates to the sufficiency of the evidence to convict, and was taken to the overruling of a motion for a new trial, based on the ground that the verdict rendered is contrary to the law and the evidence.
 

 For the reasons assigned, the verdict and the sentence appealed from are affirmed.
 

 O’NIEiLL, C. J., dissents.