(111 So. 473)

No. 28370.

## STATE v. CROOKS.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** ⬤⟹211—**Indictment for possessing home brew beer for sale held valid on motion to quash (Act No. 39 of 1921, § 4, par. 2).**

Indictment charging possession of home brew beer for sale *held* valid on motion to quash; Act No. 39 of 1921, § 4, par. 2, permitting householder to brew beer for use of himself and family and bona fide guest, being inapplicable.

2. **Criminal law** ⬤⟹1158(1)—**Conviction of possession of liquor for sale will not be reversed for absence of evidence of sale, where judge believed that evidence conclusively showed guilt.**

Conviction for possessing home brew beer for sale will not be reversed on ground that state failed to offer any evidence of sale, where judge said that testimony conclusively showed accused guilty as charged, since he rather than Supreme Court is sole judge of effect and sufficiency of evidence as to guilt of accused.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Steve Crooks was convicted of possessing intoxicating liquor for sale for beverage purposes, and he appeals. Affirmed.

C. H. McCain, of Colfax, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria, for the State.

ST. PAUL, J. The defendant was charged with, and convicted of, having in possession intoxicating liquor *for sale* for beverage purposes, to wit, home brew beer.

I.

[1] He moved to quash the information on the ground that it charges no offense known to the law, because, under the Hood Act (No. 39 of 1921, § 4, par. 2, p. 43), "nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for the use of himself and his family in his home and his bona fide guest entertained in such home."

The motion to quash was properly overruled; for the charge is that the defendant had the liquor in his possession *for sale*, which is *always* forbidden by the statute. Cf. State v. Kimball, 162 La. 242, 110 So. 336.

II.

[2] Defendant moved for a new trial on the ground that the state failed to offer any evidence of any sale, or attempt to sell, on the part of defendant, to which the trial judge says: "The testimony showed conclusively that the accused was guilty as charged, and the court so held."

Manifestly, if the evidence showed *conclusively* that the defendant was guilty *as charged*—i. e. with having the liquor in possession *for sale*—the trial judge must have had some testimony before him which convinced *him* that the defendant had the liquor in his possession for sale and not merely for the use of himself and family and bona fide guests in his home. And *he* is sole judge of the effect and sufficiency of the evidence as to the guilt or innocence of the accused; this court having no jurisdiction in that respect.

Decree.

The judgment appealed from is therefore affirmed.