## (114 So. 151)

## No. 28574.

## STATE v. LAUVET.

July 11, 1927.   Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

**1. Intoxicating liquors ⬅131—Intent to sell is essential element of "possessing intoxicating liquors for sale."**

The intent to sell is an essential element of a charge for "possessing intoxicating liquors for sale," and there cannot be a conviction on that charge without proof of such intent.

**2. Intoxicating liquors ⬅236(7)—Intent to sell intoxicating liquors may be proved by circumstantial evidence and presumed from circumstances surrounding possession.**

The intent to sell intoxicating liquors may be proved by circumstantial as well as positive evidence, and it may be presumed from the facts and circumstances surrounding the possession.

**3. Indictment and information ⬅121(3)—District attorney's answer to motion for bill of particulars that state had no evidence of sales or offers to sell held not inconsistent with charge of possessing intoxicating liquor for sale.**

Statement in district attorney's answer to a motion for a bill of particulars in a prosecution for possessing intoxicating liquors for sale, that the state had no evidence of specific sales or offers for sale, *held* not inconsistent with the charge.

**4. Indictment and information ⬅121(3)—District attorney's answer to motion for bill of particulars that state had no evidence of intoxicating liquor sales or offers to sell held not to prevent proof of intent to sell by other evidence.**

Statement of district attorney in prosecution for possessing intoxicating liquors for sale, in answer to a motion for a bill of particulars

that the state had no evidence of specific sales or offers to sell *held* not to prevent proof of the intent to sell by other evidence.

**5. Criminal law ⬅1158(1)—Trial judge's decision that evidence justified conviction for possession of intoxicating liquor for sale held conclusive.**

Whether evidence on trial for possessing intoxicating liquor for sale justified conviction was wholly within province of the judge, and the appellate court is forbidden by the Constitution from examining the evidence to determine whether his conclusion was or was not justified.

**6. Criminal law ⬅1158(1)—Complaint that no evidence supported conviction for possessing liquor for sale presented question of sufficiency of evidence and not question of law.**

Complaint of defendant convicted of possessing intoxicating liquor for sale that there was no evidence to support the conviction presented a question of the weight and sufficiency of the evidence and not a question of law.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Lynn Lauvet was convicted of possessing intoxicating liquor for sale for beverage purposes, and he appeals. Affirmed.

Overton & Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

THOMPSON, J. The defendant appeals from a conviction and sentence under a charge of possessing intoxicating liquors for sale for beverage purposes.

There are four bills of exception in the record, but they all relate to a single question, and that question is whether the evidence was sufficient to justify a conviction under the charge as made against defendant.

The defendant's counsel frankly concedes that the evidence abundantly justified a conviction for simple possession, but contends that there was no evidence that the liquor was possessed for sale and therefore a question of law is presented rather than the sufficiency of the evidence to convict.

In answer to a motion for a bill of particulars, the district attorney stated that the state had no evidence of specific sales or offers for sale.

Whereupon the counsel for defendant filed a motion to quash the indictment on the ground that as amplified the indictment failed to set forth the offense of possessing liquor for sale. The statement of the district attorney was likewise made the basis of objections to certain testimony and of a motion for a new trial.

[1] There can be no doubt that the intent to sell is an essential element of a charge for possessing intoxicating liquors for sale and that the person so charged cannot be convicted without proof of the particular intent. It was so held in the recent case of State v. Pilcher, 161 La. 135, 108 So. 312.

[2] As said, however, in the cited case, the intent may be proved by circumstantial as well as positive evidence and may be presumed from facts and circumstances surrounding the possession.

[3, 4] The statement of the district attorney in answer to the motion for bill of particulars that the state had no evidence of specific sales or of offers for sale was not inconsistent with the charge as laid in the indictment and hence did not render such indictment invalid as failing to set forth the possessing of liquor for sale. Nor did such amplification of the indictment prevent the state from proving the particular intent by evidence other than actual sales or offers of sale.

[5] Whether the evidence introduced on the trial justified the trial judge in concluding that the admitted possession of the liquor was for sale was a question solely within the province of the judge and into which we cannot inquire.

It appears from the record that at the time the accused was arrested he had in his possession seven pint bottles of whisky, two quart bottles of whisky, and about three gallons; that he attempted to conceal or to destroy a part of the whisky before it could be taken from him by the officers.

The trial judge very aptly says that the charge against the defendant was possessing intoxicating liquor for sale and not for selling such liquor, and he found that, while there was no specific sale or offers of sale, yet all of the circumstances justified the conclusion that the liquor was possessed for sale. As an appellate tribunal we are forbidden by the Constitution from examining into the evidence to determine whether the conclusion of the judge on the question of intent as well as on any other element of fact involved in the question of guilt or innocence of the accused was justified or not justified by the evidence.

[6] The complaint of defendant obviously does not present a question of law, but one as to the weight and sufficiency of the evidence.

The conviction and sentence are affirmed.

OVERTON, J., recused.