McCALEB, Justice.
 

 The defendant is appealing from a conviction and sentence for having sixty bottles of whiskey in his possession for sale for beverage purposes.
 

 Aside from the overruling oí a formal motion for a new trial — based primarily on the ground that the conviction is contrary to the law
 
 and
 
 the evidence — which we have repeatedly declined to notice, there is only one bill of exception contained in the record.
 

 The bill, which is not supported by oral argument or brief, was taken to the action of the Court in overruling nine of eleven special charges requested by the defendant. All of the special charges refused by the judge were predicated upon the notion that the State was required to adduce , direct evidence of a sale or an offer or intention to sell by defendant of the liquor kept by him in order to prove the offense denounced by the statute (Act No. 15 of 1934, as amended by Act No. 202 of 1940).
 

 There is no merit in the contention. The elements of the offense — i.é., possession with intent to sell as a beverage — may be proved (like all facts) by .circumstantial as well as direct evidence. See State v. Pilcher, 161 La. 135, 108 So. 312; State v. Lauvet, 164 La. 543, 114 So. 151.
 

 The conviction and sentence are affirmed.