McCALEB, Chief Justice.
 

 Paul B. Sliger and Patricia L. Broussard were charged with having possessed a controlled dangerous substance, to-wit, marijuana, with intent to distribute. Defendants’ motion to quash the bill was sustained and the State is appealing from that ruling.
 

 The charge is brought under the provisions of Act 457 of 1970 (R.S. 40:961, et seq.)
 

 Two reasons were urged in support of the motion to quash. The first was that the authority granted to the Board -of Health of the State is so broad that it is violative “of the defendants’ constitutional rights, in that it does not afford them nor other defendants the equal protection of the law.” Other allegations indicate that this argument is based on a provision of Section 1 of the Act (R.S. 40:962) which authorizes the Board of Health to add, delete, or reschedule a substance as a controlled dangerous substance.
 

 This ground apparently has been abandoned. It was not orally argued, nor is it discussed in the brief filed here by counsel for defendants. In any event, it is without merit, as defendants are not charged with any offense made so by the Board of Health under the authority of this provision. The substance they are alleged to have possessed (marijuana) is listed in the act itself, and was not added by the Board acting under the authority of this section. If that part of the statute granting the Board the authority indicated is invalid, it would not in any way affect the validity of the sections under which the defendants are charged. Sec.-3, Act 457 of 1970.
 
 [1]
 

 Secondly, the motion to quash asserts that:
 

 “Possession of controlled dangerous substances with intent to distribute, is
 
 *1004
 
 unconstitutional in that it violates the accused’s constitutional rights as set forth in both the State and Federal Constitutions to be secure in their persons, houses and effects; to he fully informed of the nature and cause of the accusation; not to be deprived of life, liberty or property without due process of law.
 

 “Said Act is further an unconstitutional invasion of defendants’ right to privacy in that it makes the mere subjective thoughts and alleged intent of the accused a crime.”
 

 In connection with this claim of unconstitutionality it is argued in defendants’ brief that the statute is “vague, uncertain and indefinite because it does not adequately put on notice an ordinary person that he may be actually committing that crime. * * * there is no basis nor guidelines set forth in the Act by which one might determine the exact point at which simple possession of a controlled dangerous substance becomes ‘possession with intent to distribute.’ ”
 

 The argument is without foundation. For, obviously, an offender knows whether he is possessing the drug for his own use, or whether he is possessing with the intent to distribute. The nature of his intent in possessing is a question of fact, an essential element of the crime, which the State must prove to obtain a conviction. Crimes requiring specific intent or knowledge have long been part of the criminal law and have been codified in our Criminal Code.
 
 [2]
 
 Also analogous are those former acts which prohibited the sale or keeping for sale of alcoholic beverages (Act 39 of the Ex.Sess. of 1921), and which prohibited the sale or keeping for sale intoxicating liquors for beverage purposes in parishes or municipalities where their sale is prohibited by local ordinance (Act 13 of 1935, as amended). Convictions under these enactments for possession of liquor for sale have many times been upheld by this Court.
 
 [3]
 

 Lastly, it is contended by defense counsel that the law, insofar as it deals with marijuana, is unconstitutional because the body of the act, in this respect, is broader than its title. Counsel argue that simple possession of marijuana is now a misdemeanor, whereas it was formerly a felony, and, additionally, a new crime— possession of marijuana with intent to distribute — has been created, but that neither of these substantive changes is mentioned in the title of the act. Our recent decision
 
 *1006
 
 in State v. Welkner, 259 La. 815, 253 So.2d 192 (1971), is principally relied on as authority for the point.
 

 The title of Act 457 of 1970 indicates that the purpose of the new act, designated as the Uniform Controlled Substances Law, was to amend and reenact Sub-Part A of Part X of Chapter 4 of Title 40 of the Revised Statutes of 1950 (R.S. 40:961-984), the latter having been referred to as the Uniform Narcotics Law.
 

 Previous to the amendment, Sub-Part A regulated hard drugs
 
 and marijuana.
 
 The title and the body of that act provided for the control and regulation of marijuana, which was there described as a narcotic drug, and possession thereof was denounced as a crime, punishable by imprisonment at hard labor. In the present statute which is under attack, marijuana is not classified as a narcotic drug. However, its possession is denounced as a crime with a penalty (for the first offense) of not more than $500 and/or one year imprisonment in the parish jail; and possession of marijuana, with intent to distribute, is denounced as a crime which carries a penalty of not more than ten years imprisonment at hard labor or a fine of not more than $15,000, or both.
 

 The principle on which defendants rely for their claim of statutory unconstitutionality is set forth in Section 16 of Article III of the State Constitution which provides that “Every statute enacted by the Legislature shall embrace but one object, and shall have a title indicative of its obj ect.”
 

 In Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49 (1942), the Court reviewed the cases dealing with this constitutional provision and pointed out that its purpose is not to require the title of an act to be an index of its contents but that it is sufficient if the title in general terms directs attention to the purposes of the law. It further observed that “whatever is germane and incidental to the purpose may be set out in the title, but if the body of the act embraces cognate matter not strictly within the text of the title, such matter will, nevertheless, be covered by the title.” The Court also approved the following language of Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508 (1941):
 

 “ * * * The pronouncements of this court are legion to the effect that the provisions in the body of a law, which are germane to the object of the legislation need not be expressed in the title and that the title is not required to be a complete index to every section of the statute. It is sufficient if the title in general terms directs attention to the purpose of the enactment.”
 

 In Bethlehem Supply Co. v. Pan-Southern P. Corporation, 207 La. 149, 20 So.2d 737 (1945), it is stated:
 

 
 *1008
 
 “The title of an act is not to be strictly or technically construed. * * *
 

 “All that is required is that the title of a statute should be indicative of its object. The constitutional provision must be construed broadly with the view of effectuating, not frustrating, the legislative purpose.”
 

 In one of the more recent cases on the subject, A. & M. Pest Control Service, Inc. v. LaBurre, 247 La. 315, 170 So.2d 855 (1965), the Court declared:
 

 “The primary object of this constitutional requirement is to give the legislature and the public fair notice of the scope of the legislation. It is designed to defeat deceitful, mysterious and misleading practices of entrapping the legislature into the passage of provisions unrelated to and not intimated by the title of the bill. This objective, when enforced, insures that the titling of the legislative act will be drawn in such a manner that it will give reasonable notice of the purview to the members of the legislature and the public.
 

 “This principle of law applies alike to titles of amendatory acts as well as to original legislation. State v. American Sugar Refining Company, 106 La. 553, 31 So. 181 (1901). See also State v. Louisiana Oil Refining Corp., 181 La. 659, 160 So. 290 (1935).
 

 “And when an act seeks to amend certain sections of a general law by simple reference to the section to be amended, the amendment must be limited in its-scope to the subject matter of the sections proposed to be amended. Any effort to introduce any new substantive-matter
 
 not germane or pertinent to that contained in the original section
 
 cannot be regarded as an amendment thereto,, but must be regarded as independent legislation upon a matter not expressed in the title of the act. The mere reference to the section to be amended in the title of the amendatory act implies that the proposed change will relate to the same-subject as the section sought to be amended.” (Emphasis added)
 

 Viewing the changes made in the new act in the light of these decisions, we conclude that the body of the act is not broader than its title. Marijuana and its control and regulation by penal provisions involving its possession were the subject of Sub-Part A of Part X, Chapter 4 of Title 40 of the Revised Statutes. The purpose of the 1970 Act was to amend the provisions of that Sub-Part. With this purpose declared in the title to the act, undoubtedly a person of ordinary understanding would expect to-find changes relative to the prohibition against possession of marijuana. Reducing the penalty for simple possession of marijuana and providing heavier penalties for possession of the drug with intent to dis
 
 *1010
 
 tribute are clearly pertinent and germane to the substantive matter of the new act. The changes relate to the same subject as the section sought to be amended as is indicated by reference to the section in the title of the amendatory act.
 

 State v. Welkner, supra, is not authority for the contention of defendants. The charge there involved barbiturates and amphetamines. The Court held that provisions designed to control and regulate those drugs, contained in the body of the new act, rendered the body of the act in this respect broader than its title, for the •reason that Sub-Part A did not deal with those drugs, but to the contrary, they were regulated by Sub-Part D, and there was nothing in the title to indicate that the new statute was amending Sub-Part D. The act was held unconstitutional only insofar •as it applied to amphetamines, barbiturates and hallucinogens.
 

 In explaining its reasons, and in connection with marijuana, the Court said:
 

 “Here, for instance, a purpose of Act 457 of 1970 was to reduce the penalties for the first conviction for the possession of marijuana from those for a felony (which include imprisonment in the State Penitentiary) to those for a misdemeanor (which involves imprisonment in the parish jail instead). A legislator, knowing that former Sub-Part A regulated marijuana, could be alerted that the new act might involve a change in penalties for the possession of this drug.”
 

 And it was further explained:
 

 “We do not mean' to state that the amending statute must be limited solely to changes of the specific provisions of the statutory section indicáted as amended by the new act’s title. New matter may be enacted by the amendatory legislation, ‘provided the amendment is germane to the subject of the original act, and is embraced within the title of such amended act’. Southern Hide Co. v. Best, 176 La. 347, 145 So. 682, 683-684 (1933).”
 

 We hold, therefore, that those portions of Act 457 of 1970 dealing with the regulation and control of marijuana are not vio■lative of Section 16 of Article III of the Constitution.
 

 For the reasons assigned, the judgment of the district court quashing the bill of information herein is annulled and reversed and the case is remanded for further proceedings in accordance with the views herein expressed.
 

 [1]
 

 . The Section declares that if any provision of the Act is held invalid such invalidity does not affect other provisions of tlie Act which can be given effect without the invalid provision.
 

 [2]
 

 . Among such crimes are criminal conspiracy, assault, placing combustible material, burglary, theft, and receiving stolon goods, and all attempts to commit a crime. R.S. 14:26, 36, 54, 60, 67, 69 and 27.
 

 [3]
 

 . See, for example, State v. Prophet, 157 La. 550, 102 So. 666 (1925); State v. Crooks, 163 La. 11, 111 So. 473 (1927); State v. Lauvet, 164 La. 543, 114 So. 151 (1927); and State v. Racial, 211 La. 227, 29 So.2d 774 (1947).