268 So.2d 217

STATE of Louisiana

v.

Thomas Gregory DUDEK.

No. 51907.

Oct. 26, 1972.

Jordan & Ponder, Roger W. Jordan, John D. Ponder, Metairie, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

Defendant Dudek was convicted of violation of La.R.S. 40:971, distribution of a controlled dangerous substance, and was sentenced to five years at the Louisiana State Penitentiary. He appeals this conviction and sentence.

Defendant perfected eighteen bills of exceptions during the proceedings but only the following were urged in his brief:

Defendant reserved Bill of Exceptions No. 1 wherein the trial court denied defendant's pre-trial motion to suppress evidence allegedly illegally obtained in that it was the result of an entrapment of the defendant intended to induce the defendant to commit the crimes alleged to have taken place. At the hearing on this motion the trial court interrogated counsel for the defendant to determine whether or not the sole basis for his motion to suppress was the plea of entrapment and counsel informed the court that this was the only point that would be raised.

Under the circumstances, we find it was not error for the trial judge to deny the motion to suppress. The defendant has not alleged that he was aggrieved by an unconstitutional search as required by Art. 703, La.C.Cr.P.

■ A plea of entrapment is an affirmative defense, similar for instance to a plea of self-defense, available at trial under a plea of not guilty. Anderson, 1 Wharton's Criminal Law and Procedure, § 281 (1957); Id., Volume 4, § 1902; Annotation, Entrapment, 69 A.L.R.2d 1397, Section 10 (1960). See also: Sorrells v. Unit-

ed States, 287 U.S. 435 at 453–454, 53 S.Ct. 210, 77 L.Ed. 413 (1932). No authority is cited that Louisiana criminal procedure entitles the accused to a determination of this issue in advance of trial on the merits. Cf., State v. Turner, 241 La. 94, 127 So.2d 512 (1961).

We find no merit in this bill.

■ The next bill argued in brief is Bill of Exceptions No. 11. During the defendant's cross-examination of Officer Larry Hendry (the State's chief witness and undercover agent to whom the defendant allegedly sold the controlled dangerous substance) the State objected to the question: "What are your personal feelings about the use of marijuana?"

The officer's personal feelings about the use of marijuana are irrelevant. The trial judge was correct in sustaining the State's objection. La.R.S. 15:441.

Bill of Exceptions No. 17 was reserved to the trial court's denial of defendant's Motion in Arrest of Judgment which alleged that Act. 457 of 1970 (the Act which contained the La.R.S. 40:971 with which defendant was charged) is unconstitutional. Counsel argues that the body of that act exceeded, or went beyond, the scope of its title and thereby contravened Art. III, Section 16 of the Louisiana Constitution of 1921.

■ The date of the alleged distribution of marijuana was March 17, 1971. Our inquiry then is to determine if the body of that act under which he was charged exceeded the scope of its title. The purpose of the constitutional requirement that the body of an act not exceed the scope of its title is to give the legislature and the public fair notice of the scope of proposed legislation. State v. Welkner, 259 La. 815, 253 So.2d 192 (1971). The title of Act 457 of 1970 reads as follows:

"To amend and reenact Sub-Part A of Part X of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, designated as the Uniform Controlled Dangerous Substances Law, *providing definition of narcotic drugs*; providing regulation of the manufacture transportation, sale, possession or use *thereof*; providing penalties for violation; and providing generally with respect *thereto* including the administration thereof."

■ The defendant argues that the title of the act specifies that the act is to provide for a definition of "narcotic drugs", and to provide for the regulation of the manufacture, transportation, sale, possession or use *thereof*, etc . . . Further, that since the act itself defines what narcotic drugs are, and since this definition does *not* include marijuana, then the attempted regulation of marijuana by the body of the act exceeds the scope of the title.

While this argument is persuasive we do not find it to be correct. In 1970 when the

legislature was in the process of enacting Act 457, the definition of narcotic drugs in the Revised Statutes (Acts 1934, 2nd Ex. Sess. No. 14) included marijuana. A legislator or member of the public reading the title of the act would, in fact, be alerted that the use of marijuana was to be regulated by Act 457 because marijuana was defined as a narcotic drug at that time. In this respect, the act did not exceed the scope of its title and is constitutional.

The trial judge properly denied defendant's motion in arrest of judgment. This bill is without merit.

Bill of Exceptions No. 18 was reserved to the trial court's denial of a Motion for New Trial. On the grounds asserted in the Motion for New Trial only two require attention, the others having been disposed of in the bills of exceptions discussed above.

■ The Motion for New Trial alleges that: "There was no evidence at the trial that the crime allegedly took place in the Parish of Orleans in the jurisdiction of this Court." We have examined the record and find that it is replete with evidence that the crime was committed in Orleans Parish (R-184-192).

■ The other ground alleged in the Motion for New Trial is that the Court refused defendant's motion for a directed verdict. We have repeatedly held that La. C.Cr.P. Art. 778 is unconstitutional. (State v. Hall, 261 La. 777, 260 So.2d 913 (1972)).

Bill of Exceptions No. 18 is without merit.

■ Bill of Exceptions No. 8 was reserved when the trial judge allowed into evidence two capsules of LSD purchased from the defendant by the undercover agent under circumstances similar to the purchase forming the basis for the present charge. The defendant argues that since we held in State v. Welkner, 259 La. 815, 253 So.2d 192 (1971) that Act 457 of 1970 (the act in effect at the time of the sale of LSD) was ineffective for purposes of charging offenses relating to LSD, then the state should be precluded from introducing evidence of a sale of LSD to show system, intent, and knowledge. La.R.S. 15:445, 446.

While we did hold in the *Welkner* case (*supra*) that offenses relating to LSD could not be punished under Act 457 of 1970, the fact remains that these offenses were punishable under the old law. (State v. Welkner, *supra*, 253 So.2d at p. 197). Thus, evidence of defendant's distribution of LSD under circumstances similar to the distribution which is the basis for the present charge is admissible to prove guilty knowledge, intent, and system. La.R.S. 15:445 and 446.

■ The remaining bills of exceptions were perfected but not argued by defendant in his brief therefore are considered

abandoned. In any event, we have considered them and found none to have any merit.

For the reasons assigned, the conviction and sentence are affirmed.