STATE EX REL. BENA, and another, Plaintiffs in error, v. HONORABLE JOHN J. CROSETTO, Kenosha County Court Branch II, and another, Defendants in error.

*No. 703 (1974). Submitted on briefs May 5, 1976.—*
*Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 442.)

For the plaintiffs in error the cause was submitted on the brief of *James C. Wood* of Milwaukee.

For the defendants in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

HANLEY, J. Bena and Wick raise three issues on this appeal:

1. Does the affidavit submitted to obtain the search warrant state sufficient facts to establish the reliability of the unnamed informant?

2. Do the complaints charging Bena and Wick with possession of marijuana with intent to deliver and possession of heroin with intent to deliver state sufficient facts to permit a magistrate to find probable cause?

3. Is sec. 161.41 (1m), Stats., unconstitutional on the grounds it is vague and it creates an unconstitutional presumption?

*Search warrant affidavit.*

Bena and Wick argue that the warrant issued for the search of their premises was invalid on the ground that the affidavit submitted by Capt. Schorn in applying for the search warrant was insufficient because it failed to set forth sufficient underlying circumstances from which Capt. Schorn could have concluded that the unnamed informant was credible and reliable. Bena and Wick argue that because the search warrant was invalid, the arrests based on the evidence seized in the search were invalid; and, therefore, the county court lacked personal jurisdiction over them.

The affidavit described the premises for which the warrant was sought and then stated the following:

"The facts tending to establish the grounds for issuing a search warrant are as follows:

"That on the 8th day of July, 1973, affiant was present at the giving of a statement by a person (hereinafter referred to as John Doe) who fears the [sic] if his name is divulged his life is gravely endangered;

"That said John Doe advised affiant that on the 6th day of July, 1973, in the music room of the above-described home, the said Steven Wicks [sic] sold said John Doe 2½ to 3 grains of heroin for $50.00; that said Steven Wicks [sic] had taken said heroin from an antique chest on a vanity in the music room of said house; that a quantity of said substance remained in said chest at the time said John Doe left said house; that said John Doe knows said substance is heroin because he is a heroin addict; that said John Doe then injected the heroin which he purchased into his body using a needle and syringe which were provided to him by the said Steven Wicks; [sic] that said John Doe so injected said substance in the bathroom of said house;

"That affiant is a Police Captain of the City of Kenosha Police Department and believes the said John Doe to be reliable because he purports to be an eyewitness to the facts above alleged and further because his statement is contrary to his own penal interests."

■ To obtain a search warrant, the issuance of which is based upon hearsay information, an officer must present to a magistrate sufficient evidence to establish:

"(1) The underlying circumstances from which he concludes that the informant is reliable; and (2) that the underlying circumstances or manner in which the informant obtained his information is reliable." *State v. Paszek* (1971), 50 Wis. 2d 619, 627, 184 N. W. 2d 836.

Wick and Bena admit that the affidavit satisfies the second prong of the test because the unnamed informant purportedly was an eyewitness to the information he gave. However, Wick and Bena argue that the underlying circumstances from which Capt. Schorn concluded that the unnamed informant was reliable—the claim that the statement was against his penal interest—is not sufficient to establish the reliability of the informant.

In writing the opinion in *United States v. Harris* (1971), 403 U. S. 573, 583, 584, 91 Sup. Ct. 2075, 29 L. Ed. 2d 723, Chief Justice BURGER concluded that the credibility of the unnamed informant was established by the fact that his statement was against his penal interest because he admitted buying illicit whiskey:

"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct. Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another. But here the informant's admission that over a long period and currently he had been buying illicit liquor on certain premises, itself and without more, implicated that property and furnished probable cause to search."

■ This court in *Laster v. State* (1973), 60 Wis. 2d 525, 534, 535, 211 N. W. 2d 13, adopted Chief Justice BURGER'S opinion that the admission of criminal activity is imbued with sufficient credibility to support a finding of probable cause to arrest simply because such a statement is contrary to the declarant's penal interest.

■ In the instant case, the unnamed informant admitted to purchasing heroin for which he could be prosecuted on a charge of possession of heroin. This statement by the unnamed informant which is contrary to his penal interest establishes his credibility for the purpose of finding probable cause to support the issuance of the search warrant. Therefore, the search warrant was valid.

### Sufficiency of the complaints.

Bena and Wick argue that the four complaints—there being two complaints against each—do not state enough facts for the magistrate to find probable cause that the crimes charged were committed by them. Bena and Wick argue that the complaints are insufficient in several ways.

Bena argues that the complaint charging him with possession of marijuana with intent to deliver is insufficient because it does not state enough facts to show probable cause of "intent to deliver."

The complaint charges:

"that said officers entered said premises and found in a bedroom, located on the second floor directly at the head of the stairs, a box containing $600.00 U. S. money, a plastic bag containing seeds which appeared to be marijuana, a wooden jar which contained a substance which appeared to be marijuana, and a flat box containing what appeared to be marijuana; that said defendant advised said officers that said room was his; that said defendant further advised said officers that he was unemployed . . . ."

The suspected controlled substances were analyzed by a chemist who concluded that they consisted of marijuana.

The complaint states sufficient facts to establish probable cause that Bena possessed marijuana with intent to deliver.

Wick and Bena argue that in the two complaints charging possession of heroin with intent to deliver and the complaint charging Wick with possession of marijuana with intent to deliver, sufficient facts are not alleged to show probable cause that the defendants possessed the controlled substances.

Each of those three complaints alleges that the controlled substances were found in the music room of the premises, and that each of the defendants admitted to a Kenosha county sheriff's detective that he was a tenant of the premises.

The fact that each defendant was a tenant of the premises on which the controlled substances were found is sufficient to show probable cause that each possessed the controlled substance. *State v. Dodd* (1965), 28 Wis. 2d 643, 648–650, 137 N. W. 2d 465. Additional evidence of possession was recited in each complaint. In each complaint charging possession of heroin with intent to deliver, there was a statement from a Tim Buttera that he had purchased heroin at the defendant's address from the defendant named in that particular complaint. The complaint charging Wick with possession of marijuana with intent to deliver alleged that slips of paper containing names, weights and amounts of money were found next to a wallet containing a driver's license issued to him.

In the complaints charging possession of heroin with intent to deliver, the complainants relate statements from Tim Buttera that he is a heroin addict and obtained heroin from Wick and Bena at the premises searched by the officers. The complainants stated they believed Buttera to be reliable because he purports to be an eyewitness to

said events and because his statement is against his penal interest.

Wick and Bena argue that the complaint does not provide sufficient underlying circumstances to establish the reliability of Buttera.

Buttera's credibility is established by the fact that his statement is against his penal interest. *United States v. Harris, supra,* and *Laster v. State* (1973), 60 Wis. 2d 525, 211 N. W. 2d 13. In addition, Buttera's statement was corroborated by the evidence found on the premises by the officers during their search. Corroboration is another method of establishing the credibility of an informant. *Harris, supra,* at p. 581, and *Paszek, supra,* at p. 631.

In the heroin complaints, the complainants state that the complaint is based in part "from reading the transcribed taped statement of Tim Buttera." Wick and Bena argue that the complaint is insufficient because the person who transcribed Buttera's statement is not identified, and there are no underlying circumstances to establish the credibility and reliability of the person transcribing the statement.

The credibility of the person who transcribed Buttera's statement need not be established because for purposes of the complaint, that person is not an informant. *State v. Knudson* (1971), 51 Wis. 2d 270, 278, 187 N. W. 2d 321.

Wick and Bena also argue that each of the complaints is insufficient on the grounds that: first, the chemist's report was not attached and incorporated in the complaint; second, the marijuana complaints were insufficient because the chemist's conclusion that the suspected controlled substance consisted of marijuana is ambiguous because it does not distinguish between the prohibited and unprohibited parts of the marijuana plants as defined in sec. 161.01 (14), Stats.; and, third, the chemist's qualifications are not listed in the complaint.

Each of the complaints withstands these attacks. Each complaint stated that the suspected controlled substances were analyzed by Thomas R. Patton, Kenosha city forensic chemist, who determined that the brown powder contained heroin and that the green leaf-like substance consisted of marijuana. In each complaint, the complainant stated that he believed Thomas Patton to be reliable because Patton personally performed the analysis.

The complainant can relate the information in the chemist's reports for the purpose of establishing probable cause in a complaint, and it is not necessary that the chemist's report be attached to the complaint. *Knudson, supra.*

■ For the purpose of establishing probable cause in the complaint, it is sufficient to state that the chemist concluded that the suspected controlled substance was or consisted of marijuana without his distinguishing between the various species of marijuana and without his stating the specific tests he performed. *State v. Wind* (1973), 60 Wis. 2d 267, 208 N. W. 2d 357.

Finally, the chemist is sufficiently identified in the complaint for the purpose of establishing probable cause. The identity and ability of Thomas Patton are provided by the statement that he was the Kenosha city forensic chemist who personally performed the chemical analysis on the suspected substances. *Jaben v. United States* (1965), 381 U. S. 214, 85 Sup. Ct. 1365, 14 L. Ed. 2d 345, and *State ex rel. Pflanz v. County Court* (1967), 36 Wis. 2d 550, 561, 153 N. W. 2d 559.

*Constitutionality of sec. 161.41 (1m), Stats.*

Sec. 161.41 (1m), Stats., provides:

"(1m) Except as authorized by this chapter, it is unlawful for any person to possess, with intent to manufacture or deliver, a controlled substance. Intent under this subsection may be demonstrated by, without limita-

tion because of enumeration, evidence of the quantity and monetary value of the substances possessed, the possession of manufacturing implements or paraphernalia, and the activities or statements of the person in possession of the controlled substance prior to and after the alleged violation. . . ."

Wick and Bena argue that the above statute is unconstitutional in that it is vague, uncertain, and fails to establish any reasonably ascertainable standard of guilt, and that men of common intelligence must necessarily guess as to its meaning and differ as to its application. They argue that the statute on its face is totally devoid of any standard by which a potential user would have any articulable way of knowing what amount he could safely possess without coming within the ambit of the intent-to-deliver statute.

■ The statute is constitutional. *United States v. Childs* (4th Cir. 1972), 463 Fed. 2d 390; *State v. Sliger* (1972), 261 La. 999, 261 So. 2d 643; and *Waller v. State* (1972), 13 Md. App. 615, 284 Atl. 2d 446. In concluding that a similar statute withstood the same charge of vagueness, the Louisiana Supreme Court said in *Sliger*, 261 La. at page 1003, 261 So. 2d at page 645:

"The argument is without foundation. For, obviously, an offender knows whether he is possessing the drug for his own use, or whether he is possessing with the intent to distribute. The nature of his intent in possessing is a question of fact, an essential element of the crime, which the State must prove to obtain a conviction. Crimes requiring specific intent or knowledge have long been part of the criminal law and have been codified in our Criminal Code."

Bena and Wick also argue that sec. 161.41 (1m), Stats., particularly the portion indicating that "intent to deliver may be demonstrated by the quantity or value of the substances possessed" creates an unconstitutional presumption of intent to deliver from the possession of an unartic-

ulated quantity or value of substances, and this presumption may force a criminal defendant to introduce proof and rebuttal, including his own testimony, thus forcing him to waive his constitutional right against self-incrimination.

In *People v. Serra* (1974), 55 Mich. App. 514, 223 N. W. 2d 28, the court considered the constitutionality of a section of the statute which provided in part:

" '(2) Possession of more than 2 ounces of marihuana is prima facie evidence of possession with intent to deliver.' M. C. L. A. § 335.341 (2) ; M. S. A. § 18.1070 (41) (2)."

In holding that the statute was unconstitutional because it created a presumption in violation of defendants' privilege against self-incrimination, the court said in 55 Mich. App. at page 520, 223 N. W. 2d at page 32:

"Statutory presumptions are merely aids to expedite prosecution. Possession of large amounts of a controlled substance will give rise, without the artificial boost of a presumption, to an inference that the person possessing it intended to deliver it. A presumption is created when the Legislature decides that a given amount (here two ounces) should, in its judgment give rise to the inference. The presumption gives force of law to an otherwise ordinary inference."

The Wisconsin statute does not delineate a specific amount which gives rise to a presumption. The statute merely lists evidence which the finder of fact may consider in order to infer intent. No presumption, constitutional or otherwise, is created by the statute. Therefore, sec. 161.41 (1m), Stats., is not unconstitutional on the ground it creates an unconstitutional presumption.

*By the Court.*—Orders affirmed.