PER CURIAM.
The defendant was convicted of possession of heroin with intent to distribute, La.R.S. 40:966, and sentenced to life imprisonment. We find no merit to the four assignments of error presented by his appeal:
(1) The trial court did not abuse its discretion by refusing to require the state to furnish the evidentiary detail requested by the defendant’s bill of particulars. State v. Thomas, 290 So.2d 317 (La.1974).
(2) We have previously rejected contentions similar to those now advanced of the unconstitutionality of provisions of the statute upon which the defendant was pros *1377 ecuted and convicted. State v. Stetson, 317 So.2d 172 (La.1975); State v. Sliger, 261 La. 999, 261 So.2d 643 (1972).
(3) We find no error in the trial court’s overruling of objection to the testimony as to the customary manner in which an addict uses heroin, when elicited from a witness previously qualified as an expert in narcotics practice. Under similar circumstances, we have previously held that testimony similar to that here elicited was relevant to the issue of intent. State v. Marks, 337 So.2d 1177 (La.1976) (syllabus 17). The defendant relies upon State v. Sibley, 310 So.2d 100 (La.1975), but that decision is inapposite to the present issue; it concerned an inadmissible surmise by a non-expert as to the unidentified contents of a cellophane bag.
(4) The trial court was not required to give the special charge requested by the defendant. To be wholly correct, it required qualification, limitation, or explanation. The court therefore did not err in refusing to give the charge. See La.C.Cr.P. art. 807.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.