HIGHTOWER, Judge.
Defendant, Adam Fultz, twice sold approximately a quarter ounce of marijuana to undercover agents working in Caddo Parish with the Ark-La-Tex Narcotic Task Force. The first transaction occurred on May Í8, 1989; the second transpired on June 28, 1989. After accepting his guilty plea to two charges of distributing that substance in violation of LSA-R.S. 40:966, the trial court ordered imprisonment at hard labor for concurrent terms of five and seven years. This appeal, presenting five assignments of error, ensued.
DISCUSSION
The first two assignments attack, as illegal, the sentences imposed. Defendant correctly reads LSA-Const. Art. 3, § 15(A) as requiring that every legislative bill deal with only one object and contain a brief title indicative of its object. He then argues that the descriptive caption of Act 850 of 1987, the last enactment amending the penalties of LSA-R.S. 40:966, failed to mention those penal changes embodied as to marijuana violations. Thus, defendant says, there presently exists no constitutionally valid penalty for distribution of marijuana. We disagree.
The purpose of LSA-Const. Art. 3, § 15(A) is to ensure notice as to the scope of a proposed statute. However, the title of an act is not to be strictly or technically construed, nor must the title contain exhaustive detail of each section. Anzelmo v. La. Comm. on Ethics for Pub. Emp., 435 So.2d 1082 (La.App. 1st Cir.1983), writ denied, 441 So.2d 1220 (La.1983).
Marijuana is a non-narcotic Schedule I controlled dangerous substance. LSA-R.S. 40:964. Long prior to 1987, Subsection B of LSA-R.S. 40:966 simply provided penalties with regard to the manufacture and distribution of all Schedule I substances, while Subsection C both prohibited the unlawful possession of such substances except marijuana and, also, set forth correlative penal provisions. [Another subsection addressed marijuana possession.] Act 850 subsequently increased the Subsection B penalties save with respect to narcotic *1310 drugs. Additionally, that measure changed Subsection C to provide a separate penalty for possession of phencyclidine.
The title of Act 850 read, “To amend and reenact R.S. 40:966(B) and (C) relative to controlled dangerous substances, to change the penalties of offenses involving phency-clidine, and to provide for related matters.” Mere examination of that caption, then, reveals that the object of the enactment encompasses both Subsections B and C. Any amendment to Subsection B, by implication, concerned penalties; however, a modification to Subsection C conceivably could involve either penalties or substantive aspects, or both. Thus, the descriptive language carefully noted the phencyclidine penalty change.
We deem the title clearly broad enough to cover the scope of the enactment, and to provide requisite notice of its purview to legislators and the public. The penalty for distribution of marijuana, as there amended and now challenged, is thus constitutionally valid. Cf. State v. Hodges, 577 So.2d 728 (La.1991); State v. Dudek, 263 La. 258, 268 So.2d 217 (1972); State v. Sliger, 261 La. 999, 261 So.2d 643 (1972). Hence, assignments Nos. 1 and 2 are meritless.
The third assignment asserts trial court error for failure to order a presen-tence investigation as requested by the defense. However, the ordering of such an investigation is neither mandated nor a right of the accused, but lies within the sound discretion of the court. LSA-C.Cr.P. Art. 875; State v. Bell, 377 So.2d 275 (La.1979).
Of course, absent sufficient information to evaluate the sentence, a PSI may be necessary. State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989). Even so, as discussed in regard to the final assignment of error, the present record contains information adequate for such a determination. Further, notwithstanding his asserted belief that a presentence report would have proved favorable, defendant suggests no specific reason for such an investigation. See State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983). This third assignment, then, is without merit.
Defendant, in his fourth assignment, maintains the trial judge erred in refusing admission of certified copies of First Judicial District Court minutes reflecting the suspension of sentences in other proceedings involving distribution of marijuana. Yet, as the trial judge stated, the documents in question would reveal nothing as to the circumstances and peculiarities of each defendant that, in individual cases, rendered such treatment appropriate. Clearly, this assignment is without merit.
Defendant finally assails his sentence as excessive, and argues that a suspended term of imprisonment should have been imposed.
To evaluate such a contention, an appellate court utilizes a two-step process. First, the record must show that the lower court adequately considered the criteria set forth in LSA-C.Cr.P. Art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). See also State v. Jones, 398 So.2d 1049 (La.1981), for a listing of the important elements in that review.
At a sentencing hearing, testimony disclosed defendant’s age, employment, family ties and responsibilities, and criminal history. He acknowledged convictions for DWI at age 18 and for simple assault in approximately 1989. Noting that defendant admitted distributions of marijuana on some five or six occasions, and terming each of the two charged crimes as “not just a casual” transaction, the trial judge found incarceration necessary. In determining the sentences, the district court also (1) weighed the harm such criminal conduct inflicts upon society, (2) viewed the defendant as unlikely to respond affirmatively to probation, and (3) concluded that imprisonment would not entail excessive family hardship. Thus, the record demonstrates exhaustive compliance with LSA-C.Cr.P. Art. 894.1.
*1311 In the second step of our analysis, we must determine whether the sentence is too severe, given the circumstances of the case and the background of the defendant. For a discussion of the parameters involved in that determination, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
As to each count of distribution of marijuana, the minimum sentence is incarceration for five years at hard labor, while the maximum sanction permits thirty years of such imprisonment and a fine of $15,000. LSA-R.S. 40:966B(2). The sentences actually imposed, five and seven years, are minimum and near-minimal terms of institutionalization, plainly within the statutory limits. Concurrent service, as ordered, further ameliorates the punishment. Given these factors, and full compliance with Art. 894.1, the sentences stand well within the discretion of the trial judge. This assignment, like the other four, is without merit.
CONCLUSION
Finding no merit to any of defendant’s assignments, we affirm both the convictions and sentences.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.