VAIVADA, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 17—December 11, 1923.*

*Intoxicating liquors: License to sell non-intoxicating liquors:
Premises licensed: What constitute: Search without warrant.*

A barroom in which the sale of non-intoxicating liquors had
been licensed adjoined a kitchen which in turn adjoined a
bedroom, the bedroom being used by the defendant, proprietor
of the barroom, and the kitchen being leased to another.
*Held,* that if the control and dominion of the defendant over
the kitchen was such that he could keep intoxicating liquors
therein and dispense it to his customers, the kitchen consti-
tuted part of the "premises" within the meaning of sub. (30),
sec. 1543, Stats. 1921, which forbids the possession of intoxi-
cating liquors on premises where the sale of non-intoxicants
was licensed; and the question whether the defendant had
such control and dominion was one of fact to be determined
by the trial judge (a jury having been waived). p. 310.

ERROR to review a judgment of the municipal court of
Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

*A. W. Richter* of Milwaukee, for the plaintiff in error.

For the defendant in error the cause was submitted on the
brief of the *Attorney General, George A. Shaughnessy,*
district attorney of Milwaukee county, and *Samuel E. Gross,*
assistant district attorney.

OWEN, J. Plaintiff in error (hereinafter called the de-
fendant) was convicted in the municipal court of Milwau-
kee county in a trial before the judge of said court, a jury
having been waived, of unlawfully having in his possession
intoxicating liquors on premises licensed to sell non-intoxi-
cating beverages. The arrest followed a search of said
premises by police officers of the city of Milwaukee, as a
result of which search they found a quantity of moonshine
whisky in the kitchen immediately adjacent to the bar-
room—a door leading from the barroom into the kitchen.

The defendant contends that he was not in possession of the kitchen and it did not constitute a part of the licensed premises.

The evidence shows that the defendant had control of the entire building, consisting of the barroom and living quarters, but whether as lessee or owner does not appear. A portion of the living quarters, including the kitchen, was leased to one Kainowski. The defendant retained a bedroom, which adjoins the kitchen, and to go from the barroom to his bedroom it was necessary for him to pass through the kitchen. The door between the barroom and the kitchen was usually open, at least unlocked, and the defendant had been seen to take patrons of the barroom into the kitchen. At the time of the search the officers found a number of whisky glasses on a tray in the kitchen, two of which were wet and smelled of liquor. At the time of the search Kainowski was present and denied to the officers that he owned the liquor or knew anything about it. Upon the trial he testified that the liquor was his.

If the defendant had sufficient control and dominion over the kitchen to enable him to keep intoxicating liquor therein and dispense it to his customers, then the kitchen constituted a part of the licensed premises, and his possession of liquor therein constitutes the offense of which he was convicted. *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004; *Wibmer v. State, ante,* p. 303, 195 N. W. 336 (decided herewith). Whether the defendant did possess such control and dominion over the kitchen was a question of fact to be determined by the trial judge (a jury having been waived). In view of Kainowski's unsatisfactory testimony and contradictory statements, especially in view of the juxtaposition of the barroom and the kitchen, the defendant's practice of taking patrons into the kitchen, the presence of the whisky glasses on the tray, two of which were wet and smelled of liquor, the court was not obliged to believe Kainowski's testimony that the liquor belonged to him,

or that Kainowski's possession of the kitchen was exclusive of the right of the defendant to use it for the purpose of serving drinks to his customers. If the defendant used it for this purpose, then it was a part of the licensed premises which might be searched without a search warrant (*Finsky v. State,* 176 Wis. 481, 187 N. W. 201; *Silber v. Bloodgood,* 177 Wis. 608, 188 N. W. 84), and the evidence so procured was admissible. Upon the evidence the conviction cannot be disturbed.

*By the Court.*—Judgment affirmed.