STATE, Plaintiff, vs. JAEGER, Defendant.

*April 6—May 8, 1928.*

For the plaintiff there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *L. E. Gooding,* district attorney of Fond du Lac county, and oral argument by *Mr. Messerschmidt* and *Mr. Gooding.*

For the defendant there was a brief by *Reilly & O'Brien* and *Frank W. Cosgrove,* all of Fond du Lac, and oral argument by *Mr. Cosgrove.*

STEVENS, J. The single question presented is whether the search warrant was valid. If the search warrant was properly issued, the evidence secured upon the search established defendant's guilt without question. If the warrant was improperly issued, the evidence obtained upon the search should not have been received upon the trial. There was no other evidence to establish defendant's guilt.

The search warrant was issued upon the sworn testimony of a witness who had been confined in the county jail for thirty days before he gave his testimony. His knowledge of the possession of illicit liquor and of materials and implements for the manufacture of the same all related to a period which was prior to the time that he began his jail sentence. His testimony was not supplemented by any proof as to sales or violations of the law by the defendant during this thirty-day period.

The building searched was the home of the defendant. Sub. (6) of sec. 363.02 of the Statutes provides that no search warrant shall issue "to search any private dwelling, occupied as such, unless it is being used for the unlawful manufacture for sale, unlawful sale, or possession for sale, of liquor."

When a private dwelling, occupied as such, is to be searched for liquor, the proof which will authorize the issuance of a search warrant must be directed to the use of the home at the time the search warrant is issued. Proof that a home was used for an illicit traffic in liquor thirty days prior to the issuance of the warrant, when this proof is not supplemented by any evidence tending to show that such violations of law have continued during such thirty-day period, does not establish that the home is used for that purpose at the time the warrant is issued and is therefore insufficient to authorize the issuance of a search warrant. *People v. Mushlock,* 226 Mich. 600, 198 N. W. 203, 204; *State v. Gardner,* 74 Mont. 377, 240 Pac. 984, 986; *Rupinski v. U. S.* 4 Fed. (2d) 17, 18; *Dandrea v. U. S.* 7 Fed. (2d) 861, 863, 865; Cornelius, Search & Seizure, sec. 88.

It is argued that the defendant should be sentenced because it appears without controversy that he was guilty of an offense against the prohibition law. To arrive at that conclusion the court must in practical effect nullify the constitutional mandate that no search warrant shall issue "but upon probable cause supported by oath or affirmation." This sworn proof must be presented before the search warrant is issued. The right to have the search warrant issued must be determined upon this proof. If a search warrant is issued upon proof that is not sufficient to sustain a finding of probable cause, the only way in which the court can protect the constitutional right "to be secure . . . against unreasonable searches and seizures" is to place the defendant in the same position in which he would have been had the warrant not been improvidently issued. To hold that evidence secured under such a search warrant can be used against the defendant would be in substance to deprive him of his constitutional right to be secure against unreasonable searches and seizures.

*By the Court.*—Both questions certified are answered No.