RITACCA, Plaintiff in error, v. KENOSHA COUNTY COURT, and others, Defendants in error.

Supreme Court

*No. 76–276. Submitted on briefs May 31, 1979.—
Decided June 29, 1979.*
(Also reported in 280 N.W.2d 751.)

74

For the plaintiff in error the cause was submitted on the briefs of *James C. Wood* of Milwaukee.

For the defendants in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Wm. L. Gansner,* assistant attorney general.

WILLIAM G. CALLOW, J. Ritacca seeks review of an order quashing a writ of habeas corpus. Two questions are presented: (1) Did the affidavit on which the search warrant was based establish probable cause to believe there was marijuana on the premises to be searched? (2) Did the complaint establish probable cause to believe the defendant possessed marijuana with intent to deliver?

On March 18, 1976, the defendant was charged in a criminal complaint with possession of marijuana with intent to deliver, in violation of sec. 161.41(1m)(b), Stats.[1] The complaint stated in part:

---

[1] Sec. 161.41(1m)(b), Stats., provides:

"(1m) Except as authorized by this chapter, it is unlawful for any person to possess, with intent to manufacture or deliver, a controlled substance. Intent under this subsection may be demonstrated by, without limitation because of enumeration, evidence of

"that at approximately 8:30 P.M. on said date said defendant was present in upper rooms of a house, being the first house north of the intersection of CTH 'Q' and CTH 'H' on the west side of CTH 'H' and with the address of 10320 88th Avenue in said Township; that then and there said defendant had in his possession and under his control 2 one pound bags of a green plant-like material which appeared to be marijuana; that then and there said material was seized by Det. Tenuta of the Kenosha County Sheriff's department who transferred said material to Arthur Schait, a forensic chemist employed by the City of Kenosha, who performed a preliminary chemical test on said material which indicated the presence of tetrahydrocannabinol; that in addition to said plant like material being found on said premises various other paraphernalia used in the packing and weighing of controlled substances where [sic] also found to be in the possession of said defendant."

Two days earlier, March 16, 1976, a search warrant was issued for a search for marijuana in a house said to be occupied by the defendant. The warrant was based on the affidavit of Officer Stephen Lukawski which stated that on March 16, 1976, persons possessing marijuana were apprehended as they were coming out of the house and that on March 5, 1976, an informant bought some marijuana from a person who brought the marijuana out of the house. The affidavit said the informant gave the officer information which proved to be reliable on four prior occasions. Lukawski's affidavit stated that the

the quantity and monetary value of the substances possessed, the possession of manufacturing implements or paraphernalia, and the activities or statements of the person in possession of the controlled substance prior to and after the alleged violation. Any person who violates this subsection with respect to:

". . .

"(b) Any other controlled substance classified in schedule I, II or III, may be fined not more than $15,000 or imprisoned not more than 5 years or both."

Substances containing tetrahydrocannabinols are Schedule I controlled substances. Sec. 161.14(4)(t), Stats.

informant gave Deputy Sheriff Allen Kehl a substance Kehl believed to be marijuana, which the informant said he obtained at the defendant's house. The authorized search produced two one-pound bags of marijuana.

On April 7, 1976, the defendant moved to dismiss the complaint on the ground that the affidavit on which the warrant was based failed to establish probable cause that marijuana was on the premises and that the complaint failed to show probable cause that the defendant possessed the marijuana with intent to deliver. The court denied the motions and, following a preliminary examination on April 18, 1976, bound the defendant over for trial.

The defendant sought a writ of habeas corpus challenging the sufficiency of the statements in the search warrant affidavit and the allegations in the complaint. The court quashed the writ, and the defendant seeks review by writ of error.

There are two issues: (1) Does the affidavit on which the search warrant was based state facts sufficient to establish probable cause that marijuana would be found in the house? (2) Does the complaint state facts sufficient to establish probable cause that the defendant possessed marijuana with the intent to deliver?

## I. THE SEARCH WARRANT

A search warrant may issue only on a finding of probable cause by a neutral and detached magistrate. *State v. Benoit*, 83 Wis.2d 389, 394, 265 N.W.2d 298 (1978). The quantum of evidence necessary to support a determination of probable cause for a search warrant is less than that required for conviction or for bindover following a preliminary examination. *Id.* On review, this court must determine whether the magistrate issuing the warrant was apprised of sufficient facts to excite an honest

belief in a reasonable mind that the objects sought are linked with the commission of a crime and that they will be found in the place to be searched. *Id.* at 395. The warrant may be issued on the basis of hearsay, but it must be shown that the information is substantially reliable. *Jones v. United States,* 362 U.S. 257, 270 (1960). The affidavit is to be read in a commonsense, not a hypertechnical, fashion. *United States v. Ventresca,* 380 U.S. 102, 108 (1965); *Draper v. United States,* 358 U.S. 307, 313 (1959). Review of the magistrate's decision to issue the warrant is confined to the record before the magistrate, and the defendant carries the burden on review of demonstrating that the evidence before the magistrate was clearly insufficient. *Bast v. State,* 87 Wis.2d 689, 692, 275 N.W.2d 682 (1979).

Officer Lukawski's affidavit stated:

"that this date subjects were apprehended coming from said house with a quantity of marijuana in their possession having obtained said marijuana from said house; that prior to this date, namely on the 5th day of March 1976, an informant for the City of Kenosha made a controlled purchase of approximately one pound of marijuana from an individual who in the presence of said informant brought said marijuana from said house; that petitioner therefore believes that there is an on going business of the sale of marijuana from said house; that petitioner is a City of Kenosha Police Officer and has knowledge of the facts alleged herein from statements made to your petitioner by an informant who because of fear for his own personal safety does not want his identity divulged. That petitioner believes said informant to be reliable because said informant has made four successful controlled purchases of controlled substances with the assistance of said petitioner who on each of said occasions has given said petitioner information which proved to be reliable and that said informant is ·not paid in money for his information; that additionally today your petitioner has information from Deputy Sheriff Allen Kehl of the Kenosha Sheriff's Department who has informed petitioner of the obtaining of a quantity of

what officer Kehl believes to be marijuana from the possession of the previously mentioned informant who has informed Officer Kehl that said marijuana was obtained from said house this date; that petitioner believes the statement of Officer Kehl to be reliable because he is cooperating in the obtaining of said Search Warrant and is performing in his official capacity and personally informed your petitioner on this date of finding said marijuana in the possession of said informant and have been informed by said informant of its origin in said house today; that Officer Kehl does not personally petition said Court for the search warrant because petitioner and other police officers desire to execute said warrant as soon as possible and avoid the opportunity of the taking of any controlled substances from said house in the time needed to secure a search warrant and the destruction of any controlled substances in a delayed obtaining of a search warrant."

The defendant maintains that the affidavit is insufficient because it does not demonstrate that the informant was reliable and that the substance in question was marijuana.

A warrant based solely on hearsay information provided by an informant is valid if the affidavit on which it is based establishes: (1) the underlying circumstances which show reason to believe the informant is credible, and (2) the underlying circumstances which show that the manner in which the informant reached his conclusions were reliable. *Aguilar v. Texas,* 378 U.S. 108 (1964) ; *State v. Paszek,* 50 Wis.2d 619, 627, 184 N.W.2d 836 (1971).

Here the officer stated that he believed the informant to be reliable because he made four prior "controlled purchases of controlled substances," and in each case gave the officer reliable information. The affidavit recited that the informant was not paid in money for the information. A statement that the informant has given

reliable information on past occasions affords a basis from which a magistrate may conclude the informant is a credible person. *McCray v. Illinois,* 386 U.S. 300, 304 (1967); *Laster v. State,* 60 Wis.2d 525, 534, 211 N.W.2d 13 (1973); *State v. Paszek, supra* at 630. Defendant contends the statement as to the informant's credibility was conclusory in that it speaks of the informant's prior "successful" drug purchases and information which "proved" reliable. In *McCray,* the officer said he had known the informant two years, that the informant had given him information about narcotics " '20 or 25 times,' " and that such information resulted in convictions. This statement, held by the Court to satisfy the first prong of the *Aguilar* test, discloses more instances in which the informant gave reliable information but provides only a slightly greater factual predicate than the affidavit in the instant case. We conclude the reliability of the information is not dependent upon convictions having resulted from the previously furnished information. We are not impressed by the state's argument that the informer is credible because he obtained some marijuana at the house which he later turned over to Deputy Kehl and therefore gave information against his penal interest. *Cf. United States v. Harris,* 403 U.S. 573 (1971). Because the affidavit does not disclose whether this was a "controlled" or an "uncontrolled" purchase, the penal-interest rationale cannot be applied. We conclude there is sufficient reliable information furnished to permit a neutral and detached magistrate to find the informant credible.

Defendant does not challenge the second prong of the *Aguilar* test. We conclude the second prong of the *Aguilar* test is satisfied.

Defendant argues the affidavit does not show that the substance involved was tested and found to be marijuana. The stated conclusion that the substances in question

were marijuana was made by a deputy sheriff and an informer with prior experience dealing in controlled substances. We find this sufficient to "excite an honest belief in a reasonable mind," *State v. Benoit, supra* at 395, that the substances were marijuana. In *Paszek* a citizen-informant told a police officer the defendant offered to sell her marijuana and showed her what appeared to her to be marijuana. This court upheld the warrantless arrest made on the basis of this "tip," stating:

"Clearly, Mrs. Darling was not qualified to give an expert opinion as to the nature of the substance which defendant offered to sell her. However, such scientific accuracy was not required at this stage. Her opinion that the substance was marijuana was used in the realm of establishing probable cause, not to uphold a conviction. Her observation of the substance, coupled with defendant's statement to her that it was marijuana, was amply sufficient to sustain her opinion." 50 Wis.2d at 629.

While the instant affidavit did not state that the defendant represented the substance in question to be marijuana, *Compare: State v. Wind,* 60 Wis.2d 267, 272, 208 N.W.2d 357 (1973), such a statement is not essential when an officer and experienced informant have made the observation that the substance in question appears to be marijuana, and it was sold to the informant with the inference that the substance was marijuana.

The defendant fails to sustain his burden of demonstrating that the evidence before the magistrate was clearly insufficient to show probable cause to believe there was marijuana on the premises.

## II. THE COMPLAINT

A criminal complaint is a "written statement of the essential facts constituting the offense charged." Sec. 968.01, Stats. The complaint "must describe the conduct alleged to constitute the offense, and must contain suf-

ficient facts to persuade a neutral and detached magistrate that the charged crime has probably been committed by the accused." *State v. O'Connor*, 77 Wis.2d 261, 275–76, 252 N.W.2d 671 (1977). If the complaint does not state probable cause to believe the defendant committed the charged crimes, the court lacks jurisdiction over the person. *State ex rel. Cullen v. Ceci*, 45 Wis.2d 432, 173 N.W.2d 175 (1970); *State ex rel. Evanow v. Seraphim*, 40 Wis.2d 223, 161 N.W.2d 369 (1968). The test is one "of minimal adequacy, not a hypertechnical but in a common sense evaluation." *Id.* at 226.

Defendant maintains the complaint does not state facts sufficient to show probable cause that the defendant possessed marijuana with the intent to deliver. The complaint states that the defendant was "present in upper rooms of a house," that he "had in his possession and under his control" two one-pound bags of marijuana, and that various paraphernalia used in packaging marijuana were found on the premises.

Defendant concedes the complaint adequately advises who was charged, what the charge was, and when and where the offense allegedly took place, but argues that it fails to disclose why the defendant is being charged. *Cf.: State ex rel. Evanow v. Seraphim, supra* at 230.

To be found guilty of possessing a controlled substance, physical possession is not necessary; it is enough if the defendant has constructive possession of the controlled substance or is " 'within such juxtaposition' " to the substance such that he might be said to possess it. *State v. Dodd*, 28 Wis.2d 643, 649–60, 137 N.W.2d 465 (1965). Possession is "imputed when the contraband is found in a place immediately accessible to the accused and subject to his exclusive or joint dominion and control, provided that the accused has knowledge of the presence of the drug." *Schmidt v. State*, 77 Wis.2d 370, 379, 253 N.W.2d

204 (1977). The complaint must state the underlying facts on which such a determination may be made. *State ex rel. Pflanz v. County Court*, 36 Wis.2d 550, 557, 153 N.W.2d 559 (1967). In *State v. Williams*, 47 Wis.2d 242, 253, 177 N.W.2d 611 (1970), the complaint stated simply that the defendant "did have control of or possess marihuana or hemp or the leaves or seeds thereof, for smoking purposes." This language was taken directly from sec. 161.275(1), Stats., 1967. The court held that the complaint failed to state probable cause:

"To hold that the above complaint demonstrates probable cause would circumvent the fourth amendment and would be tantamount to holding a complaint sufficient to withstand challenge as long as the language of the criminal statute allegedly violated is correctly and accurately recited.

"A similar problem was faced by the United States Supreme Court in *Giordenello v. United States* (1958), 357 U.S. 480, 487, 78 Sup. Ct. 1245, 2 L. Ed.2d 1503, wherein the court found a complaint deficient where it did no more than recite the statutory elements of the crime charged. That court stated:

" 'Indeed, if this complaint were upheld, the substantive requirements would be completely read out of Rule 4 [substantially the same as sec. 954.02(2), Wis. Stats.], and the complaint would be of only formal significance, entitled to perfunctory approval by the Commissioner. This would not comport with the protective purposes which a complaint is designed to achieve.'

"The deficiency in this complaint is, of course, not what was in it but what is omitted. The use of statutory language is not proscribed, nor do we seek to have drafters of complaints search out recondite synonyms for the clear statutory language that was carefully selected by the legislature. Rather, a constitutionally sufficient complaint must contain the 'essential facts' constituting the offense charged."

■

The complaint in the instant case does no more than state in conclusory language that the defendant had

marijuana "in his possession and under his control." It does not give any indication of what conduct underlies the conclusion that the defendant possessed marijuana or had it under his control. It does not even state that the defendant was the owner of the house or a tenant. *Compare: State ex rel. Bena v. Hon. John J. Crosetto,* 73 Wis.2d 261, 268, 243 N.W.2d 442 (1976); *State v. Dodd, supra,* 28 Wis.2d at 648–50. It does not state in what juxtaposition the defendant was to the marijuana to support possession or constructive possession. The complaint makes no attempt to link the packaging paraphernalia to the defendant.

Because the complaint does not state facts sufficient to enable a finding of probable cause to believe the defendant possessed the marijuana with intent to deliver, the complaint is insufficient and the relief sought by Ritacca should have been granted.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.