STATE of Wisconsin, Plaintiff-Respondent,

v.

Evelyn Tarlyn JONES, Defendant-Appellant.

Court of Appeals

*No. 87–0301–CR. Submitted on briefs October 6, 1987.—
Decided December 8, 1987.*

(Also reported in 419 N.W.2d 263.)

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general and *Barry M. Levenson,* assistant attorney general.

For the defendant-appellant the cause was submitted on the briefs of *Jeffrey A. Kaufman* and *Marna M. Tess-Mattner* of *Gimbel, Reilly, Guerin & Brown,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. Evelyn Tarlyn Jones appeals a judgment convicting her of possession of a firearm in

violation of sec. 941.29, Stats. Jones raises two issues on appeal: (1) whether the police lacked probable cause to search the car she had been driving and the containers within, and (2) whether the trial court abused its discretion in sentencing her pursuant to the habitual criminality statute. We conclude that the police had probable cause to search the car and the containers and that the trial court's application of the habitual criminality statute was not an abuse of discretion.

Milwaukee police officers responded to a report that gunshots had been fired at a tavern located at 1733 West Hopkins. At the scene, they spoke to Toni Rutherford. Rutherford stated that she had been attacked by Evelyn Jones and that Jones had a gun. She also stated that, as Jones walked away, she had heard a gunshot. Other witnesses stated that they had heard a gunshot and one witness stated that he had observed Jones fire a gun.

The police located Jones approximately 50–55 minutes later at a tavern located on 25th and West Hopkins. The police patted down Jones, but did not find a gun. A car matching the description of the car Jones had allegedly driven to the tavern at 1733 West Hopkins was parked outside. Jones admitted driving the car to the tavern located at 25th and West Hopkins. The police then searched the automobile. A gun was found in the trunk. The gun was in a box within a plastic bag. Jones was then arrested. Jones was convicted of possession of a firearm and sentenced to eight years imprisonment under the habitual criminality statute.

## PROBABLE CAUSE

Jones claims that the police lacked probable cause to search the car. Jones further argues that even if the

police had probable cause to search the car, the search of the plastic bag and box was unjustified.

If the historical facts are undisputed, probable cause to search is a question of law that is subject to independent review on appeal, without deference to the trial court's conclusion. *See State v. Woods,* 117 Wis. 2d 701, 710, 345 N.W.2d 457, 462 (1984). Because the facts in this case are undisputed, we independently review whether the officers had probable cause to search the car and the containers.

Probable cause coupled with exigent circumstances justifies the warrantless search of an automobile. *State v. Wisumierski,* 106 Wis. 2d 722, 738, 317 N.W.2d 484, 492 (1982). A very slight showing of exigency is sufficient to justify a warrantless search of an automobile. *Id.*

Probable cause to search exists where there are sufficient facts to excite an honest belief in a reasonable mind that the object sought is linked to a crime and that it will be found in the place to be searched. *See Ritacca v. Kenosha County Court,* 91 Wis. 2d 72, 77–78, 280 N.W.2d 751, 754 (1979). In the present case, the police had probable cause to believe that Jones possessed a gun and that the gun was concealed in the automobile Jones had been driving. Rutherford had informed police that Jones had assaulted her and had a gun. Witnesses stated that they had heard a gunshot and one witness stated that he had observed Jones fire a gun. Jones was located a short time later and a short distance from the scene of the alleged assault. The gun was not on Jones' person. The car Jones had been driving that evening was parked outside the tavern

where Jones was found. Under these facts and circumstances the police could reasonably conclude that the gun was hidden in the automobile.

Exigent circumstances were also present. The automobile could have been removed from the location. Any gun in the automobile could have then been removed. The gun was also a threat to the safety of the community.

We further conclude that the search of the bag and box was justified. The scope of a warrantless search of an automobile "is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982). Probable cause to search an automobile justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Id.* at 825.

## APPLICATION OF HABITUAL CRIMINALITY STATUTE

Jones claims that the trial court abused its discretion in sentencing her pursuant to the habitual criminality statute. She argues that sec. 941.29, Stats., possession of a firearm, is essentially a general repeater statute because the crime of possession of a firearm carries a greater penalty than the crime of carrying a concealed weapon. Jones contends that the application of the habitual criminality statute, sec. 939.62, Stats., subjected her twice to increased penalties.

The primary question to be determined on review is whether the crime of possession of a firearm serves as a penalty enhancer. This calls for the interpretation of a statute and is a question of law. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). As the language of the statute is unambiguous, we must give the words of the statute their obvious and ordinary meaning. *Id.* at 319, 332 N.W.2d 823–24.

Section 941.29, Stats., states that any person previously convicted of a felony who possesses a firearm is guilty of a Class E felony. The elements of the crime are possession of a firearm and prior conviction of a felony. Section 941.23, Stats., states that any person carrying a concealed and dangerous weapon is guilty of a Class A misdemeanor. The two crimes are separate and distinct. Section 941.29, possession of a firearm, does not serve as a penalty enhancer.

The application of the habitual criminality statute was within the trial court's discretion. *See* sec. 939.62(1), Stats. The maximum penalty for possession of a firearm is two years. Jones, however, had been previously convicted of felony arson within five years of the crime and was a repeater as defined by sec. 939.62(2). As a result, under sec. 939.62(1)(b), Jones' sentence could be increased by not more than six years. The trial court's application of the habitual criminality statute, sentencing Jones to eight years imprisonment, was not an abuse of discretion.

*By the Court.*—Judgment affirmed.