STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert L. REED, Defendant-Appellant.†

Court of Appeals

*No. 89-1569-CR. Submitted on briefs March 8, 1990.—Decided May 2, 1990.*

(Also reported in 457 N.W.2d 494.)

† Petition to review denied.

547

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ruth S. Downs,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J. Robert Reed appeals from a judgment convicting him of possession with intent to deliver a controlled substance. He primarily argues that the cocaine was discovered pursuant to an impermissible warrantless search of his person. We conclude that the search of Reed was permitted by sec. 968.16, Stats., and was reasonable. We therefore affirm.

Racine police obtained a warrant to search Reed's car for cocaine and related paraphernalia. A search of the vehicle and a patdown of Reed revealed no contraband or suspicious material other than a pager and freezer wrapping paper. The officers then assisted Reed, a paraplegic, into the back of the police paddywagon and searched him by removing his pants, shoes and socks.[1] Packets of cocaine were found in his crotch area.

The basis for the warrant was an affidavit detailing a confidential informant's allegations that he had seen Reed selling cocaine from his car. In seeking the warrant, the police had requested authorization to search both Reed's automobile and its occupants. Although it incorporated the supporting affidavit by reference, the warrant did not expressly authorize a search of Reed. The trial court found that the warrant's failure to name Reed as an object of the search was simple inadvertence.

Reed moved to suppress the cocaine found on his person, contending he had been illegally searched. He appeals the denial of that motion.

---

[1]Reed contends, in a footnote, that the officers' lack of special training in handling physically disabled persons constituted a violation of sec. 968.256, Stats. Since he asks for no relief, we do not address the issue further.

## I. SEARCH OF REED

Reed first argues that the search of his person was illegal because the warrant authorized a search of his vehicle only. The state contends that the warrant encompassed the search of Reed because the supporting affidavit, incorporated by reference into the warrant, specifically named him. The state also asserts that even if the warrant did not extend to Reed, a warrantless search was lawful under sec. 968.16, Stats., was reasonable under the fourth amendment, and was permissible as an extension of the "automobile exception." *See State v. Tompkins,* 144 Wis. 2d 116, 126–28, 423 N.W.2d 823, 827–28 (1988). We conclude the search was lawful on statutory and constitutional grounds, making unnecessary any comment on the automobile exception or the warrant's validity as to Reed.

### A. Section 968.16, Stats.

Whether the search was lawful under sec. 968.16, Stats., requires interpretation of that statute. Statutory interpretation is a question of law meriting *de novo* review. *State v. Jones,* 142 Wis. 2d 570, 576, 419 N.W.2d 263, 265 (Ct. App. 1987). If the statutory language is unambiguous, we give the words their obvious and ordinary meaning. *Id.*

Section 968.16, Stats., provides:

> **Detention and search of persons on premises.** The person executing the search warrant may reasonably detain and search any person on the premises at the time to protect himself from attack or to prevent the disposal or concealment of any item particularly described in the search warrant.

We see no ambiguity. The statute authorizes the reasonable search of any person on the premises to prevent concealment or disposal of the particular items sought. Reed had sufficient control and dominion over his automobile for it to be considered "premises" for the purposes of this statute. *See Vaivada v. State,* 182 Wis. 309, 310, 195 N.W. 937, 937 (1923).

It was not unreasonable to expect that Reed might attempt to conceal or dispose of the cocaine. One of the officers testified that it is, in fact, commonplace for a cocaine dealer to hide cocaine packets in his crotch. Reed's paralysis prevented use of the standard search technique where the suspect is frisked while standing against the vehicle with arms and legs spread. Consequently, the officers assisted Reed, carefully and without force, into the paddywagon to conduct the search out of public view. These were reasonable actions to prevent Reed from concealing or disposing of the cocaine described in the warrant.

## B. Reasonableness of Search

Reed argues that the warrantless search of his person was unreasonable under both the state and federal constitutions. Because the fourth amendment's proscriptions against unreasonable searches are virtually identical to those in art. I, sec. 11 of the Wisconsin Constitution, the law of search and seizure under our state law conforms to that developed under federal law. *State v. Bruckner,* 151 Wis. 2d 833, 858, 447 N.W.2d 376, 387 (Ct. App. 1989).

When assessing the reasonableness of a search, we must balance the need for the search against the invasion entailed. *See State v. Seyferth,* 134 Wis. 2d 354,

359, 397 N.W.2d 666, 668 (Ct. App. 1986). This test weighs the individual's constitutional interest against the legitimate governmental interest to be advanced by the intrusion. *Id.* The degree and extensiveness of the intrusion on the individual's privacy must also be considered, with a greater justification required for a more intrusive search. *Id.*

Relying on two United States Supreme Court cases, Reed argues that the search of his person was unreasonable because the right to search certain premises does not necessarily extend to a right to search an occupant of those premises. *Ybarra v. Illinois,* 444 U.S. 85 (1979); *United States v. Di Re,* 332 U.S. 581 (1948). That reliance is misplaced.

In *Di Re,* a federal investigator was informed that a transaction in counterfeit gasoline ration coupons was to occur between the informant and another man at a particular place. The investigator located the described car, finding a man in the driver's seat, Di Re in the passenger's seat, and the informant in the back seat. The informant was holding coupons he said came from the man in the driver's seat. All three were arrested and searched.

Di Re appealed his conviction on the grounds that the counterfeit coupons discovered on his person were the fruits of an illegal search. The Supreme Court agreed, saying it was "not convinced that a person, *by mere presence* in a suspected car, loses immunities from search of his person to which he would otherwise be entitled." *Di Re,* 332 U.S. at 587 (emphasis added).

Similarly, in *Ybarra,* police obtained a warrant to search a public tavern and a named employee for drugs. First, however, the police frisked for weapons the ten or so patrons, of whom Ybarra was one. One officer returned to Ybarra and searched him, having felt in

Ybarra's pocket what proved to be a cigarette package containing heroin.

Despite statutory authorization for the search similar to that found in sec. 968.16, Stats., the Court found the search unreasonable as to Ybarra, holding that his "*mere propinquity* to others independently suspected of criminal activity does not, *without more,* give rise to probable cause to search [him]." *Ybarra,* 444 U.S. at 91 (emphasis added).

██

Reed's case is factually and legally distinguishable. The warrant's supporting affidavit reflected ample probable cause to search Reed. It described in detail Reed, his car, and his method of distributing and recent sale of cocaine. An impartial magistrate found probable cause to issue the warrant to search the vehicle for drugs. Whether or not that search was fruitful, Reed's car—essentially his place of business—was integrally related to his alleged cocaine enterprise. *See Di Re,* 332 U.S. at 586. It was reasonable, therefore, for the officers to assume that if the cocaine was not in the vehicle, it was concealed on Reed himself.

Further, in both *Di Re* and *Ybarra* the search was held unconstitutional because the person's mere presence, not probable cause, brought him under scrutiny. Reed's presence, by contrast, was not fortuitous proximity to others independently suspected; Reed *himself* was suspected. Nor was Reed an unexpectedly encountered passenger in the target vehicle. He was its registered owner, its operator, its driver, and the one alleged to be selling cocaine from it on a daily basis.

██

After carefully balancing the competing interests, we hold that both the search of Reed and the manner selected were reasonable. Unable to frisk him in the

usual—and more public—manner, the officers shielded Reed from view. Partially disrobing him was reasonable because loose, layered, or ill-fitting clothing easily could thwart a search. More importantly, the officers knew from experience that drug traffickers often conceal contraband on their bodies.

We are mindful that an individual's interest in freedom from unreasonable searches is no trifle. But the hallmark is *reasonableness*. We would be unrealistic to ignore the substantial governmental interest in detecting and apprehending drug dealers. We hold that under these circumstances, this intrusion, although significant, was reasonable.

## II. RELIABILITY OF INFORMANT

Reed also challenges the validity of the search warrant, complaining that the informant was not shown to be sufficiently reliable to justify issuance of the warrant.

Review of the sufficiency of a supporting affidavit is limited. *Illinois v. Gates,* 462 U.S. 213, 236 (1983). A reviewing court is confined to the record before the magistrate when the warrant was issued and must pay great deference to the determination made, *id.,* including the reliability of the informant. *See id.* at 237-38. The reliability of an informant's tip should be analyzed in view of the totality of the circumstances. *State v. Boggess,* 115 Wis. 2d 443, 453, 340 N.W.2d 516, 522-23 (1983).

The affidavit recited that, within the past forty-eight hours, the informant had observed Reed selling from his car freezer paper-wrapped packets of a white crystalline substance said by Reed to be cocaine. The informant described Reed's vehicle in detail, giving the

color, make, model and license plate number, which Department of Motor Vehicle records listed as being registered to Reed. Further, the affidavit averred that the informant positively identified Reed from police photos and that the informant had provided reliable information in the past which had led to other search warrants and numerous arrests. Based on this record, we affirm the magistrate's determination that the informant appeared sufficiently reliable to support issuance of the search warrant.

*By the Court.*—Judgment affirmed.