OPINION OF THE COURT
David D. Egan, J.
The defendants are charged with criminal possession of a *117 controlled substance in the third and fourth degrees. A properly issued search warrant is attacked by the defendants in that it contains an ambiguity and the defense seeks suppression of all evidence obtained as a result of the ensuing search.
The application for the warrant contained a request that the "Search Warrant contain an authorization for execution thereof after the hours of 9:00 P.M.” and also requested "that the search warrant contain an authorization for execution thereof at any time of the day or night”. The application was sufficient to justify an after hours search.
The search warrant signed by the issuing Judge directed at paragraph 4 that, "This warrant must be executed between 6:00 a.m. and 9:00 p.m.”, while paragraph 5 directed "This Court hereby specially determines that adequate grounds exist for authorizing the search to be made at any hour of the day or night, and the Court so directs.” (Emphasis supplied.) The warrant was executed after 9:00 p.m. at about 10:45 p.m.
This court finds, as a matter of law, that where a search warrant contains the statutory daytime restriction and specifically expands the execution authority to any hour of the day or night, such nighttime search is proper when based on sufficient application requesting "any time” authority. To rule otherwise would be to place form over substance. A search warrant should not be read in a hypertechnical manner. (People v Crispell, 110 AD2d 926 [1985]; People v Gnozzo, 31 NY2d 134, 141 [1972].) A failure to include the phrase "nighttime execution” was not fatal to a search warrant, where the affidavit of applicants requested after hours entry and such failure of warrant to allow entry at night was a mere "technical defect” of the warrant. (People v Arnow, 108 Misc 2d 128 [Sup Ct, NY County 1981]; see also, People v Harris, 47 AD2d 385 [4th Dept 1975], where warrant granting nighttime entry was upheld though not requested by applicant.) Warrants inadvertently dated two days after their signing or undated have been upheld. (People v Horton, 32 AD2d 707 [1969]; People v Pietramala, 84 Misc 2d 496 [Crim Ct, Queens County 1975].)
Accordingly, the defendants’ motions to suppress the tangible property seized upon execution of the search warrant are denied in their entirety.